IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRIS JACOBS,

Plaintiff,

v.

1998 TRIAL JUDGE DOUGLAS T. FOX,

Defendant.

OPINION and ORDER

26-cv-166-jdp

---

CHRIS JACOBS,

Plaintiff,

v.

MARATHON CO. DA INVESTIGATOR
MATT TRILIGO,

Defendant.

OPINION and ORDER

26-cv-202-jdp

---

Plaintiff Chris Jacobs, proceeding without counsel, is incarcerated at Columbia Correctional Institution. Jacobs brings two lawsuits connected to his 1998 criminal conviction. In Case No. 26-cv-166-jdp, he sues the state-court judge from his criminal proceedings, seeking an order forcing him to make a statement to the Wisconsin Supreme Court supporting a petition for review that Jacobs filed in the Wisconsin Supreme Court. In Case No. 26-cv-202-jdp, he sues an investigator for the district attorney's office, alleging that he failed to properly investigate harassment by police and others in the run-up to his prosecution, and then assisted in his prosecution.

Jacobs has not submitted the $405 filing fee for either of these cases, so I infer that he seeks leave to proceed without full prepayment of the filing fee under 28 U.S.C. § 1915, also known as "in forma pauperis" status.

But Jacobs has "struck out" under 28 U.S.C. § 1915(g). That provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, Jacobs has brought actions or appeals that were dismissed because they were frivolous or malicious or they failed to state a claim upon which relief may be granted. *See Jacobs v. Gerber*, 403 F. App'x 67, 70 (7th Cir. 2010) (discussing Jacobs's strikes). Therefore, he cannot proceed without prepayment of the entire filing fees for either of these cases unless I conclude that his allegations show that he is in imminent danger of serious physical injury.

To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Nothing in Jacobs's complaints meets the imminent-danger standard. Therefore he is barred from proceeding in forma pauperis with these cases.

Even if Jacobs wasn't barred from proceeding in forma pauperis, I would dismiss his complaints for other reasons. The statute of limitations has long run on any type of claim that Jacobs could bring about the judge or a district attorney's investigator in his decades-old prosecution. He can't bring claims for which a judgment in his favor would imply the invalidity of the state conviction. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). And in any event with

2

regard to the '166 case, judges have absolute immunity for the acts they take in their judicial capacity. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Nor can this court order the type of relief that Jacobs seeks in that case, forcing a state court judge to submit a statement to another court.

The Court of Appeals for the Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving them a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But dismissal of these lawsuits is appropriate because there isn't any reason to think that Jacobs could amend his complaints to state a claim for relief.

ORDER

IT IS ORDERED that:

1. Plaintiff Chris Jacobs is DENIED leave to proceed in forma pauperis under 28 U.S.C. § 1915(g) in these cases.

2. Both cases are DISMISSED.

3. The clerk of court is directed to enter judgment accordingly and close these cases.

Entered March 27, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge